IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  07-10060-01-WEB |
| ) | |
| ADRIAN D. BROWN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**Memorandum and Order**

This matter came before the court on the defendant's objections to the Presentence Report. The court orally denied the objections at the sentencing hearing on August 20, 2007. This written order will supplement the oral rulings made by the court at the sentencing hearing.

**Defendant's Objection No. 1** – Defendant's first objection argues that the offense level should be lowered to 26 from 28 based on a proposed amendment to USSG 2D1.1 by the U.S. Sentencing Commission. *See* 27 Fed.Reg. 28558-01, 2007 WL 1459813 (May 21, 2007).  The amendment is scheduled to go into effect November 1, 2007, unless it is rejected by Congress.

The court concludes it should not grant the reduction because the amendment has not yet been adopted by Congress. If Congress does adopt the amendment in November, defendant can then file a motion pursuant to 18 U.S.C. § 3582(c) and the court will consider at that time whether a reduction in the sentence is warranted. *See* 3582(c) (where sentencing range has been subsequently lowered by Sentencing Commission, defendant may file a motion and the court may reduce the term of imprisonment after considering the factors in § 3553(a)).

**Defendant's Objection No. 2** – Defendant's second objection concerns the 2-level increase in PSR ¶ 25 for possession of a firearm. Defendant points out that as part of the plea agreement, a separate count of the indictment charging possession of the firearm was dismissed. He also contends there is insufficient evidence to show that he possessed the firearm.

The Government argues the circumstantial evidence surrounding officers' pursuit of the defendant on October 7, 2006, is sufficient to establish that he was in possession of the firearm. Additionally, the Government says DNA test results from the firearm show a high probability that the defendant was in possession of the gun.

The defendant does not challenge the description of the October 7 chase in the Presentence Report (PSR ¶ 15-18) or the results of the DNA test as summarized by the United States. *See* PSR ¶¶ 15-18, 120-121.

Section 2D1.1(b)(1) provides for a 2-level increase on a drug count when the defendant possessed a firearm. The enhancement is to be applied "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1, cmt., n.3. Based on the circumstantial evidence surrounding defendant's apprehension on October 7 and the finding of the firearm, the court finds the defendant was likely in possession of the firearm on that occasion. This conclusion is only reinforced by the DNA test results. The court further finds that the defendant possessed the gun in connection with the drug offense. The close "temporal and spatial relation" between defendant's possession of the firearm and his possession of a rather sizeable amount of crack cocaine strongly implies that the defendant's possession of the weapon was related to the drug offense. Defendant has not overcome that showing. *Cf. United States v. Zavalza-Rodriguez*, 379 F.3d 1182, 1184-85 (10th Cir. 2004). Accordingly, the objection is denied.

**Miscellaneous objections** – In addition to the foregoing, defendant filed other written objections. *See* Doc. 27. The court finds these other objections provide no grounds for relief. Defendant first challenges the PSR's description of the circumstances of a prior offense (PSR ¶ 35), but the court need not make a finding because the disputed matter will not be taken into account and will not affect sentencing. Fed.R.Crim.P. 32(i)(3)(B). Defendant's five other written objections all relate to the calculation of the appropriate guideline range assuming the court were to accept his other objections. Because the court has denied his objections, however, it must deny the instant objections as well.

**Conclusion**.

Defendant's objections to the Presentence Report are DENIED. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons. IT IS SO ORDERED this   20th  Day of August, 2007, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge